# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NEW ENGLAND SPEED FACTORY, LLC | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 3603 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| SNAP-ON EQUIPMENT, LLC and SNAP-ON CREDIT, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff is a car repair business in New Hampshire, and the defendants are in equipment supply in Illinois. The plaintiff leased some automobile alignment equipment from defendants and claims the equipment proved to be defective. The plaintiff has brought a seven-count Complaint against the defendants, alleging breach of contract, breach of warranty, and fraud. The defendants have moved to dismiss the fraud and breach of warranty claims. As always, when considering a motion to dismiss, the court accepts the allegations in the Complaint as true. *Manhattan Cmty. Access Corp. v. Halleck*, _U.S._, 139 S. Ct. 1921, 1927 (2019).

According to the Complaint, the parties entered into an equipment lease agreement on April 25, 2018. Under the contract, plaintiff leased a vehicle lift and alignment rack for a term of 60 months at $1046.30 a month. In short, plaintiff complains that the equipment doesn't work: the safety locks on the lift do not function properly and the alignment rack does not work as it should, in that it takes several attempts before the equipment aligns vehicles properly, and sometimes that does not even get the job done. Plaintiff claims it has contacted defendant several times to replace

or repair the allegedly defective equipment, to no avail. And so, plaintiff has filed s seven count Complaint against defendant, charging: Breach of Contract; Breach of Representations, Warranties, and Covenants; Breach of Implied Warranty of Fitness for a Particular Purpose; Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"); Common Law Fraud; promissory estoppel; and common law fraudulent misrepresentation. The defendant has moved to dismiss all but the breach of contract and promissory estoppel claims.

To survive a motion to dismiss the Complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead particularized factual content, not conclusory allegations that allow the court to plausibly infer the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may consider documents attached to the pleadings so long as the documents are referred to in the Complaint and are central to the plaintiff's claims. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 853 (7th Cir. 2019). Here, plaintiff attached a copy of the lease to its Complaint, and the defendants attached a copy of the executed lease to their motion to dismiss. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)(court may consider document "even if the document had merely been referred to in the complaint, provided it was a concededly authentic document central to the plaintiff's complaint (the usual example is a contract, in a suit for breach of contract).").

### A.

### The Fraud Claims

In the main, defendants contend that the fraud claims – Counts IV, V, and VII – are not plead with particularity as required by Fed.R.Civ.P. 9(b). Under Rule 9(b), a plaintiff "alleging fraud or mistake ... must state with particularity the circumstances constituting fraud or mistake." As the

2

Seventh Circuit has put it, "[t]he plaintiff must describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). *See also United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839–40 (7th Cir. 2018).

While the plaintiff contends that allegations of fraud are not subject to a heightened pleading standard, [Dkt. # 24, at 4], the claim is inaccurate, as Rule 9(b) and case after case make plain. *See, e.g., Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 881 (7th Cir. 2019)("Fraud allegations also trigger a more demanding pleading standard, see Fed. R. Civ. P. 9(b)."); *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019)("Heightened pleading requirements apply to complaints alleging fraud."); *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018)("For fraud claims, a heightened pleading standard applies . . . ."); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011)("Claims for violation of the Consumer Fraud Act are subject to the same heightened pleading standards as other fraud claims; as such, they must satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure."). We are not at liberty to ignore the comments of the Congress and the Seventh Circuit.

Plaintiff states that "[t]hroughout [its] complaint, Plaintiff identifies numerous occasions where the alleged fraud and or deception occurred." [Dkt. #24, at 4]. But, "saying so does not make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010), and tellingly, plaintiff does not cite any of those paragraphs that supposedly satisfy Rule 9(b). Plaintiff's only arguable allegations of fraud are found at paragraphs 37-39 of its Complaint and are repeated at paragraphs 50-52, and 56-58:

3

> Defendant represented to Plaintiff that the equipment was new prior to Plaintiff's leasing the equipment.
>
> Defendants knew or should have to know that their statements were false or were made with reckless disregard for their truth or falsity, and/or that their concealment of certain fact was material to Plaintiff.
>
> Defendants intended for Plaintiff to rely on the false statements of material fact and/or concealment of material facts.

[Dkt. #2, at Pars. 37-39, 50-52, 56-58].

At best, the plaintiff's conclusory allegations are sketchy, yet, under Rule 9(b), sketchy is not good enough. Plaintiff "fails to provide the specific names, dates, times, or content of the misrepresentations or omissions that give rise to the alleged fraud." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016); *see also Cornielsen*, 916 F.3d at 598 (heightened pleading standard for fraud "generally means describing the 'who, what, when, where, and how' of the fraud."). The Complaint is not even clear on whether a "defendant" or "defendants" made representations, moving from the singular to plural in its allegations. But, in a case involving multiple defendants, "'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Rocha*, 826 F.3d at 911.

While the plaintiff complains that it should have an opportunity to conduct discovery, [Dkt. #24 at 4-5], that puts the proverbial cart before the horse and ignores the teaching of *Bell Atlantic*. *See also* Frank H. Easterbrook, "Discovery as Abuse," 69 *B.U.L.Rev.* 635, 639 (1989). [See Dkt. # 24, at 4-5]. Indeed, as the Supreme Court emphasized in *Bell Atl. Corp.*, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." 550 U.S. at 559.

4

*See also Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748–49 (7th Cir. 2005)(heightened pleading standard in fraud cases "forces the plaintiff to conduct a careful pretrial investigation to minimize the risk of damage associated with a baseless claim . . . .").

Ss the Seventh Circuit has repeatedly explained:

> Greater precomplaint investigation is warranted in fraud cases," we have explained, "because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual), ... because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, ... and because charges of fraud (and also mistake, the other charge that Rule 9(b) requires be pleaded with particularity) frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships."

*Cornielsen*, 916 F.3d at 598.

At bottom, it would seem that what plaintiff is complaining about is the fact that defendant leased it a machine, said it would work, and it didn't. But the heightened pleading standard of Rule 9(b) assures that the alleged "fraud" "involves more than the mere fact that a defendant promised something and then failed to do it. That type of 'misrepresentation' occurs every time a defendant breaches a contract*." Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). So far, plaintiff has not complied with Rule 9(b), and accordingly, its fraud claims are dismissed, but dismissed without prejudice to allow it one more chance to plead those claims with sufficient particularity.

**B.**

**The ICFA Claims**

Defendants also argue that plaintiff does not have standing to bring a claim under the ICFA because it is not a consumer. But Illinois courts have interpreted the ICFA to apply not only in consumer-against-business cases, but also in some cases when both parties to the transaction are

business entities. *See Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 822 (7th Cir. 2018); *Law Offices of William J. Stogsdill v. Cragin Fed. Bank for Savings*, 268 Ill.App.3d 433, 206 Ill.Dec. 559, 645 N.E.2d 564, 566–67 (1995). "Some cases", of course, does not mean all cases. "[A] business plaintiff under the ICFA must show a 'nexus between the complained of conduct and consumer protection concerns . . . .'" *Cmty. Bank of Trenton*, 887 F.3d at 823. According to defendants, the plaintiff fails to allege such a nexus because its "allegations of harm from Defendants' alleged deception are limited to harm it, not automobile shop customers, allegedly suffered." [Dkt. #27, at 7].

That's not exactly accurate, as the plaintiff claims that the defective equipment damages the vehicles of consumers who patronize plaintiff's repair business. [Dkt. #2, ¶. 21]. Although the harm to consumers is not exactly of the type the ICFA is designed to protect against, courts in this district have found such allegations adequate to state a nexus. *See, e.g., YCB Int'l, Inc. v. UCF Trading Co.*, 2010 WL 4781871, at *5 (N.D. Ill. 2010)(nexus alleged where defendant sent counterfeit bearings to plaintiff, which were then incorporated into vehicles sold to consumers); *Stickle Enterprises, Ltd. v. CPS Int'l, Inc.*, 1997 WL 767301, at *4 (N.D. Ill. 1997)(fraudulent sale of tainted animal feed would potentially contaminate the food supply down the commercial stream). And the defective repairs arguably result in safety concerns for the vehicle owners. *See Credit Ins. Consultants, Inc. v. Gerling Glob. Reinsurance Corp. of Am.*, 210 F. Supp. 2d 980, 985 (N.D. Ill. 2002)("While the scope of what constitutes consumer protection concerns is under debate, courts have generally required some allegations of sharp practices designed to mislead consumers about a competitor, or an implication of public health, safety or welfare issues.").

### C.

## The Warranty Claims

Finally, defendants argue that plaintiff's claims for breach of implied warranties – Counts II and III – are precluded by the disclaimer in the parties' lease agreement. The disclaimer, found at paragraph three of the Agreement, on the second of the document's two pages, reads as follows:

> 3. NO WARRANTIES: The Equipment is subject to any warranties made by the manufacturer and/or licensor and any limitations thereof. The Equipment is leased and censed "AS IS." YOU ACKNOWLEDGE THAT WE DID NOT MANUFACTURE THE EQUIPMENT OR CREATE THE SOFTWARE, WE DO NOT REPRESENT THE MANUFACTURER OR LICENSOR, AND YOU INSPECTED THE EQUIPMENT BASED UPON YOUR OWN JUDGMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE. YOU AGREE, REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR ANY DAMAGES, INCLUDING CONSEQUENTIAL, DIRECT, SPECIAL, OR INDIRECT.

[Dkt. #16-1 (emphasis in original)]. The first page of the document directs the reader, in bold white type on a black background, to see the second for terms and conditions. The reader is also advised, in bold print, to read the agreement before signing it. That warning doesn't really matter because a party to an agreement is charged with knowledge of its terms. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011).

Whether a disclaimer of warranties is conspicuous, and therefore effective against the plaintiff, is a question of law for the court. *Federico v. Freedomroads RV, Inc.*, 2010 WL 4740181, at *6 (N.D. Ill. 2010); *Hamilton v. O'Connor Chevrolet, Inc.*, 399 F. Supp. 2d 860, 867 (N.D. Ill. 2005); *Tague v. Autobarn Motors, Ltd.*, 394 Ill. App. 3d 268, 278, 914 N.E.2d 710, 718 (2009). The question is whether the disclaimer is set forth so that a reasonable person against whom it is to operate ought to have noticed it. When evaluating a disclaimer of warranty against this standard,

courts have looked to how many times a customer was made aware of the notice, whether the notice was on the front or back of the document in question, whether the language of the notice was emphasized in some way (such as by bolding the text or by employing all capitals) and whether the notice was set off from the rest of the document so as to draw attention to it. As the court has stressed:

> If the term "conspicuous" is to retain any meaning at all, it cannot be met as a matter of law by printing disproportionately small to that in the rest of the document, and which is itself barely legible. Far from being conspicuous, the "disclosure" would quite the opposite. The above cases make it clear that there is not one aspect of a notice that necessarily will render it "clear and conspicuous" for purposes of the FCRA. We must consider the location of the notice within the document, the type size used within the notice as well as the type size in comparison to the rest of the document. We also must consider whether the notice is set off in any other way—spacing, font style, all capitals, etc. In short, there must be something about the way that the notice is presented in the document such that the consumer's attention will be drawn to it.

*Cole v. U.S. Capital*, 389 F.3d 719, 730–31 (7th Cir. 2004). *See also Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 382 (7th Cir. 1996). Here, the answer can only be, "yes." [1]

The document at issue is only two pages, and the disclaimer is the third paragraph of the page detailing the terms of the lease. *See, e.g., Tatom v. Ameritech Corp.*, 305 F.3d 737, 743 (7th Cir. 2002)("The disclaimer was by no means hidden: it came at the end of a short booklet, was set forth in the same typeface as the rest of the booklet following the word 'Notice' in bold letters (a heading and typeface that alerted the reader to its significance), and the language of the disclaimer was unambiguous."). It is by no means, as plaintiff contends, "buried in the document." Moreover, not only is the disclaimer set out in all caps, but the paragraph is titled "NO WARRANTIES" and

---

[1] The plaintiff says that the disclaimer "is conspicuous." [Dkt. # 24, at 8-9]. But if that's the case, plaintiff loses; thus plaintiff obviously meant to say the clause is *not* conspicuous or is *inconspicuous*.

underlined. There are twenty-one paragraphs of terms, and just three of those, including the disclaimer employ all caps. Clearly, the provision stands out. Even plaintiff concedes that "a printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous." [Dkt. #24, at 9]; *see Cole v. U.S. Capital*, 389 F.3d 719, 730 (7th Cir. 2004)("A contract's warranty disclaimer satisfies the conspicuous requirement when it is printed in all capital letters, when it appears in a larger type than the terms around it, or when it is in a larger and boldface type.").

As for the language of the disclaimer, it is simple, The provision specifically mentions warranties of merchantability and fitness for a particular purpose. Case after case dictates the result here. *See, e.g., Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 526 (7th Cir. 2003)("Because this disclaimer was in writing and conspicuous, and because it expressly mentioned merchantability, it shields [defendant] from suit for breach of the implied warranty of merchantability under Illinois law."); *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 382 (7th Cir. 1996)("A disclaimer of the warranty of merchantability is enforceable if conspicuous, . . . even if the average consumer hasn't the vaguest idea what a "warranty of merchantability" entails."). And, finally, plaintiff does not even argue that it did not see the disclaimer. *See, e.g., Tatom*, 305 F.3d at 743 ("[Plaintiff] also suggests that the disclaimer is not sufficiently conspicuous, although he does not contend that he never saw the notice."). Clearly, as a matter of law, a reasonable person ought to have noticed the disclaimer. Accordingly, plaintiff's breach or warranty claims – Counts II and III – are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons the defendants' Partial Motion to Dismiss [Dkt. # 15] is granted to the extent that Counts IV, V, and VII of the Amended Complaint are dismissed without prejudice, and Counts II and III are dismissed with prejudice. In addition, as a housekeeping note, the

Complaint states that it is brought "In the Circuit Court of Cook County, Illinois, Municipal Department, Civil Division." [Dkt. #1]. It isn't.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/20/19