IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEW ENGLAND SPEED FACTORY, LLC | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 3603 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| SNAP-ON EQUIPMENT, LLC and SNAP-ON CREDIT, LLC, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to compel discovery and for sanctions. It wants the court to order the defendants to answer its first and second sets of requests for documents, answer interrogatories 4, 6, and 7, and attend scheduled depositions. [Dkt. # 47, at 1]. Plaintiff also asks for unspecified sanctions against the defendants. For the reasons discussed below in the accompanying memorandum order, the motion is denied.

First, Local Rule 37.2 requires that every such motion:

> includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein.

Here, the plaintiff states that "a conference . . . between opposing counsel . . . took place on January 20, 2020, and in that the conferring parties' Defendants' Counsel, Shanon Gross, stated that she would produce some documents to Plaintiff with 5 days." [Dkt. # 47, at 9]. The time and the place

of the conference is not stated. Plaintiff attaches a number of emails the parties exchanged on the 17th and 20th of January, but under the Local Rules, emails don't count. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 343 F. Supp. 3d 742, 744 (N.D. Ill. 2018); *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig*., 2018 WL 505089, at *2 (N.D. Ill. Jan. 22, 2018)("Local Rule 37.2 requires an in-person or telephonic meet and confer and cannot be satisfied by the exchange of emails."); *Geraci v. Andrews,* 2017 WL 1822290, at *1 (N.D. Ill. May 5, 2017) ("Local Rule 37.2 makes it plain that letters and emails don't count, and with good reason."); *Infowhyse GmbH v. Fleetwood Grp*., 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016)("The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2."). As there has been no compliance with the Local Rule, the motion is denied.

Beyond that, the court finds that defendants have satisfactorily answered interrogatory 4. The plaintiff asked defendants to "describe any documents used to describe, record or establish Defendants' methods and techniques to be used when a complaint or report of a problem to the equipment." [Dkt. # 47-2, at 8]. The defendants explained that "[i]f the complaint is made over telephone, [defendants'] system maintains a recording of the call; and the field service technician that is dispatched fills out a service work order describing his/her visit and response, including any parts replaced or work performed on the equipment." [Dkt. #47-2, at 9].

Interrogatory 6 is difficult to understand. Plaintiff asks the defendants to "[i]dentify all the terms of the agreement between the Defendants and Plaintiff pursuant to which Defendants sought to lease the equipment to the Plaintiff" and "[s]tate what criteria and policies are used in deciding whether to the [sic] lease the equipment and how those criteria and policies have changed since 2010 identifying any documents discussing such criteria and policies in use by

2

Defendants since 2010." [Dkt. # 47-2, at 11]. The defendants object to the interrogatory as being vague and ambiguous.

Interrogatory 7 asks defendants to "[i]dentify the individuals who telephoned Plaintiff, visited or contacted Plaintiff in regards to leasing the equipment, prior to Plaintiff signing the lease agreement." It also asks for "the employee/representative's position of employment, and responsibilities . . . the contents of the telephone conversation between that individual and Plaintiff . . . [and] all records pertaining to that conversation and its content." Although the defendants make a handful of objections, they also direct the plaintiff to its answer to interrogatory 2, which lists all the defendants' employees involved with plaintiff's account and what they did. That is adequate.

As for the document requests, the court notes that the only claims left in this case are a breach of contract claim and a promissory estoppel claim. As such, many of the documents plaintiffs request are irrelevant. As plaintiff propounded her requests on December 11, 2019, before her claims were dismissed, she needs to adjust her request to match her pleading. That being said, defendants have agreed to produce many of the documents requested "at a time and place mutually agreed by the parties." [Dkt. # 47-3]. This dispute clearly underscores the need for the parties to meet and confer *in good faith* as Local Rule 37.2 requires. *See, e.g., Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 WL 5963644, at *2 (N.D. Ill. Nov. 13, 2019)("The requirement is not without significant meaning, although that meaning is often diluted as attorneys tend to pay it no more than lip service."); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 921 (N.D. Ill. 2019)("While they 'conferred telephonically, all this consisted of was [plaintiff] asking [defendants] if it still opposed forensic inspection and [defendants] saying it did."); *Chicago Reg'l*

*Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion.").

Finally, on January 20, 2020, plaintiff's counsel emailed defense counsel, asking for dates for six depositions between issued subpoenas for six depositions between the dates of February 3 and February 14. Defense counsel replied that she would not be available for six depositions during that time as she would be handling a number of depositions from another case out of town. She said she would get back to plaintiff regarding the deponents' availability. The next thing that happened was plaintiff filing a motion to compel and a motion for sanctions. Not surprisingly, an exchange of emails accomplished nothing – they seldom do. Hence the Local Rule:

> Anyone can write a letter. But that does not mean that the recipient will fairly consider the letter before dashing off one of his own that does little more than persist in setting forth his partisan point of view. The letters and the emails that one all too often see do little more than articulate the parties' polar positions with the clash of pretending absolutes left unresolved. Local Rule 37.2 is based on the teaching of long experience that face-to-face discussions are far more likely to result in compromise and agreement than is an exchange of letters that are all too easy to brush aside.

*Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. Sept. 11, 2014).

It is precisely the kind of conduct manifested in this case such as an inability to even arrive at an agreement of dates for depositions that gives rise to the chronic lament that "pretrial discovery is the bane of modern litigation." The parties are required to agree on dates for depositions in person or over the phone as our Local Rules require.

This does not appear to be a difficult case. A machine was leased, and it allegedly did not work the way it was supposed to. Discovery began on August 19, 2019. [Dkt. ## 34, 32]. Despite the seeming simplicity of the case, the parties have not scheduled depositions and exchanged documents in the five months since then. We do not in the slightest mean to be critical. Discovery, at best, is difficult. "Pre-trial discovery under modern federal practice has become a monster on the loose .... Pre-trial proceedings have become more costly and important than trials themselves.'" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). This case should not be one that either the padrties or the court allow to fall into this mold, the case is not complicated and a genuinely cooperative attitude among lawyers will go a long way in achieving effective results in discovery and minimizing (although never eliminating) a good deal of the friction that all too often – and all too needlessly accompanies pretrial discovery. Accordingly, counsel for the parties are to meet and confer, in person, within seven days of this Order and to file a report on their progress within seven days after that. The Order should include, among other things, a deposition schedule for the outstanding depositions. Hopefully, their dispute can be amicably resolved. To do so is in their interest. Requiring motions on basic issues that should easily be resolved may well result in what Judge Easterbrook in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). *See also United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation

of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'").

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/5/20